UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Mario Alfred Medina, Jos Ventura, Mario Davalos, Juan Galdumez, Fredy Davila, Alessandro Sabino DaSilva, Oscar Carbajal (aka Oscar Duran) Cesar Gonzales and Eduardo Bersosa : : : : : : : Plaintiffs, : : v. : : Unlimited Systems, LLC and Robert Pszczola : : Defendants. : : : | CIVIL ACTION NO: September 14, 2009 |

COMPLAINT

I.  INTRODUCTION

1. The plaintiffs are nine individuals who performed work for the defendants, a building contractor, Unlimited Systems, LLC, and the principal and owner, Robert Pszczola. The plaintiffs assert that they worked for the defendants but were not paid for their work. They allege that they are entitled to recover the sums owed to them pursuant to the federal minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and Connecticut wage payment laws, including Conn.Gen.Stat. §31-72. The plaintiffs allege that any violation of federal minimum wage and/or Connecticut wage payment laws was willful, and therefore they are entitled to the amounts owed, doubled, plus their reasonable attorney's fees and costs.

2. Alternatively, plaintiff Mario Alfred Medina alleges that defendant Unlimited Systems, LLC, breached a contract to compensate him for the work performed by his work crew, consisting of himself and the other eight plaintiffs.

3. The nine plaintiffs also allege that the defendants are liable to them on a theory of unjust enrichment in that the defendants obtained the benefit of the plaintiffs' labor but did not compensate

them for said labor.

## II. JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

6.  The plaintiffs are Mario Alfred Medina, Jose Ventura, Mario Davalos, Juan Galdumez, Fredy Davila, Alessandro Sabino DaSilva, Oscar Carbajal (aka Oscar Duran), Cesar Gonzales, Eduardo Bersosa, and Oscar Duran. The plaintiffs are residents of Connecticut. At all times relevant to this Complaint the plaintiffs were employees of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

7.  At all times relevant to this Complaint, the plaintiffs were employees engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

8.  The defendant Unlimited Systems, LLC, is a limited liability company incorporated in the State of Connecticut with a principal place of business at 28 Costello Place, Newington, Connecticut. At all times relevant to this Complaint, the defendant Unlimited Systems, LLC, was an employer as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

9.  The defendant Robert Pszczola is the principal and the president of defendant Unlimited Systems, LLC, residing at 1418 West Street, Southington, Connecticut. At all times relevant to this Complaint, defendant Pszczola made all relevant decisions regarding payment of wages to the plaintiffs

2

by Unlimited Systems, LLC. At all times relevant to this Complaint, the defendant Robert Pszczola was an employer as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

IV.   THE FACTS

10.   The defendants hired the plaintiffs to perform construction work for them.

11.   Per the terms of the defendants' agreement with the plaintiffs, the defendants would pay plaintiff Medina for all of the work that he and the other plaintiffs performed and he would be responsible for disbursing those payments to the other plaintiffs.

12.   At all times relevant to the Complaint, the defendants retained either sole or joint control over the work performed by all of the plaintiffs, including directing them where and when to work, supervising their work, and determining their rates of pay.

13.   Upon the completion of the project for which the plaintiffs had been hired, the defendants failed and refused to pay the amounts due to the plaintiffs.

14.   More specifically, the defendants owe to the plaintiffs following sums:

| | |
|---|---|
| Mario Alfred Medina | $4,767.97 |
| Jose Ventura | $2,717.00 |
| Mario Davalos | $2,377.00 |
| Juan Galdumez | $2,448.00 |
| Fredy Davila | $2,960.00 |
| Alessandro Sabino Da Silva | $2,070.00 |
| Cesar Gonzales | $2,377.00 |
| Eduardo Bersosa | $2,377.00 |
| Oscar Duran | $2,760.00 |

15.   The plaintiffs have repeatedly demanded that the defendants pay them the money that they are owed in the amounts set out above.

16. The defendants have failed and refused to pay these amounts, and have offered no explanation for their refusal.

## V. COUNT ONE: FLSA MINIMUM WAGE CLAIM

1. The plaintiffs restate, re-allege and incorporate herein paragraphs 1 through 16, above.

17. The plaintiffs were not compensated by the defendants for their work by being paid at least the federal minimum wage for each hour of work performed.

18. As a result of the defendants' unlawful conduct, the plaintiffs suffered a loss of wages that are owed to them.

19. The defendants' failure to pay the minimum wage for work performed was in willful violation of the plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

## VI. COUNT TWO: NON-PAYMENT OF WAGES (Conn.Gen.Stat. §31-72)

1. The plaintiffs re-state, re-allege and incorporate herein by reference paragraphs 1-19, above.

20. The defendants failed to compensate the plaintiffs for the work that they performed at the rates offered to the plaintiffs before the work commenced.

21. The defendants' failure to pay wages is in violation of Conn.Gen.Stat. §31-71a - §31-71i.

22. The defendants' failure to pay wages to the plaintiffs was unreasonable, arbitrary, and/or in bad faith.

## VII. COUNT THREE: BREACH OF CONTRACT

1. The plaintiffs re-state, re-allege and incorporate herein by reference paragraphs 1-22, above.

23. Plaintiff Mario Alfred Medina and defendant Unlimited Systems, LLC, were parties to a contract, the terms of which included the payment by the defendant to Medina for the work performed by his work crew, including Medina and the other eight named plaintiffs in this case.

24. Defendant Unlimited Systems, LLC, breached the contract by failing to pay Medina for the work that was performed.

25. Plaintiff Medina seeks payment pursuant to the terms of the contract.

VIII. COUNT FOUR: UNJUST ENRICHMENT

1. The plaintiffs re-state, re-allege and incorporate herein by reference paragraphs 1-25, above.

26. The plaintiffs provided services to the defendants by performing labor for them.

27. The defendants obtained a benefit by retaining the value of the plaintiffs' labor.

28. The defendants unjustly failed to compensate the plaintiffs for the value of their services.

29. As a result of the defendants' failure to compensate the plaintiffs, the plaintiffs suffered a loss of compensation from employment.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs requests that this Court:

1. Order the defendants to pay to the plaintiffs all wages owed, consistent with the federal minimum wage and Connecticut wage payment laws;

2. Award the plaintiffs liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b) and Conn.Gen.Stat. §31-72;

3. Award the plaintiffs their reasonable attorney's fees and cost pursuant to 29 U.S.C. §216(b) and Conn.Gen.Stat. §31-72;

4. Award the plaintiffs prejudgment and post-judgment interest;

5. Alternatively, award plaintiff Medina his contract damages;

6. Compel the defendants to disgorge the value of the benefit received from the plaintiffs; and

7. Award the plaintiffs such other legal and equitable relief as the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

The plaintiffs respectfully requests a trial by jury as to all claims to which they are entitled.

                                              THE PLAINTIFFS,

BY: _____
       Peter Goselin ct16074
       Livingston, Adler, Pulda,
       Meiklejohn & Kelly, P.C.
       557 Prospect Avenue
       Hartford, CT 06105-2292
       (860) 233-9821