UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO ALFRED MEDINA, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : No. 03:09cv1430 (MRK) |
| | : |
| UNLIMITED SYSTEMS, LLC and ROBERT PSZCZOLA, | : |
| | : |
| Defendants. | : |

## RULING AND ORDER

Pending before the Court is Plaintiffs' Motion for Default Judgment [doc. # 9]. On December 28, 2009, Plaintiffs filed a Motion for Default Entry [doc. # 7], which the Court granted [doc. # 8]. The Defendants have still not appeared or otherwise responded to the Complaint. Therefore, for the reasons that follow, the Court grants Plaintiffs' Motion for Default Judgment [doc. # 9] and awards Plaintiffs $49,707.94 in damages and $6,851.84 in attorneys' fees and costs.

The Court accepts as true all well-pleaded allegations in the Complaint. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("[A] default is an admission of all well-pleaded allegations against the defaulting party."). In their Complaint, Plaintiffs allege that although they completed the construction work for which Defendants hired them, the Defendants failed and refused to pay the amount due each of the nine Plaintiffs. *See* Compl. [doc. # 1] ¶¶ 10-16. The Plaintiffs allege that they have repeatedly demanded that the Defendants pay them the amounts owed, but that the Defendants have failed to offer either payment or an explanation. *See id.* ¶¶ 15-16. Plaintiffs allege they are owed the following amounts in unpaid wages:

| | |
|---|---|
| Mario Alfred Medina: | $4,767.97 |
| Jose Ventura: | $2,717.00 |
| Mario Davalos: | $2,377.00 |

| | |
|---|---|
| Juan Galdumez: | $2,448.00 |
| Fredy Davila: | $2,960.00 |
| Alessandro Sabina Da Silva: | $2,070.00 |
| Cesar Gonzales: | $2,377.00 |
| Eduardo Bersosa: | $2,377.00 |
| Oscar Duran: | $2,760.00 |

Compl. [doc. # 1] ¶ 14.

Plaintiffs bring suit under the unpaid wage provisions of Connecticut law, Conn. Gen. Stat. § 31-71b, and the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*[1] Under Connecticut law, employers are required to pay the full amount of wages promised to their employees. *See* Conn. Gen. Stat. § 31-71b. Plaintiffs also seek double damages and attorneys' fees and costs pursuant to Conn. Gen. Stat. § 31-72 and 29 U.S.C. §§ 216(b) & 260. Under federal law, "double damages [are] the norm and single damages the exception." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999). In order to avoid an award of double damages, "[t]he employer bears the burden of proving good faith and reasonableness [and] the burden is a difficult one. . . ." *Id.*; *see also Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). Here, Defendants have clearly not met their burden given the fact that they have failed to appear and have ignored Plaintiffs' pre-suit demands for payment. *See* Compl. ¶¶ 15-16. Moreover, an award of attorneys' fees and costs is mandatory under FLSA. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir. 1983); *DiRussa v. Dean Witter Reynolds, Inc.*, 936 F.

---

[1] Plaintiffs also alleged, in the alternative, a breach of contract and unjust enrichment, *see* Compl. [doc. # 1] ¶¶ 20-25, but since those claims sought the same damages as their wage and hour claims, Plaintiffs are not seeking a judgment as to the breach of contract and unjust enrichment. *See* Pls.' Mot. for Default J. [doc. # 9-2] at 3 n.1.

Supp. 104, 106 (S.D.N.Y. 1996).[2]

Therefore, the Court awards double damages to Plaintiffs as follows:

| | |
|---|---|
| Mario Alfred Medina: | $9,535.94 |
| Jose Ventura: | $5,434.00 |
| Mario Davalos: | $4,754.00 |
| Juan Galdumez: | $4,896.00 |
| Fredy Davila: | $5,920.00 |
| Alessandro Sabina Da Silva: | $4,140.00 |
| Cesar Gonzales: | $4,754.00 |
| Eduardo Bersosa: | $4,754.00 |
| Oscar Duran: | $5,520.00 |
| **Total:** | **$49,707.94** |

Plaintiffs' counsel have submitted affidavits stating that their attorneys' fees are $6,244.50 and that their costs are $607.34. Given the number of Plaintiffs here, the Court finds these figures reasonable. Therefore, the Court awards Plaintiffs $49,707.94 in damages and $6,851.84 in attorneys' fees and costs. **The Clerk shall enter judgment in favor of Plaintiffs and shall close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: February 4, 2010.**

---

[2] Under Connecticut law, double damages and attorneys' fees and costs are available only upon an affirmative showing of "bad faith, arbitrariness, or unreasonableness." *Butler ex rel. Skidmore v. Hartford Tech. Inst., Inc.*, 243 Conn. 454, 470 (1997). Because Plaintiffs are entitled to double damages under FLSA, the Court does not address whether Plaintiffs also demonstrated bad faith on the part of Defendants sufficient to award double damages under Connecticut law.