UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Mario Alfred Medina, Jos Ventura, Mario Davalos, Juan Galdumez, Fredy Davila, Alessandro Sabino DaSilva, Oscar Carbajal (aka Oscar Duran) Cesar Gonzales and Eduardo Bersosa<br><br>Plaintiffs,<br><br>v.<br><br>Unlimited Systems, LLC and Robert Pszczola<br><br>Defendants. | CIVIL ACTION NO:<br>3:09-CV-1430 (MRK)<br><br><br><br><br><br><br><br><br><br>May 6, 2010 |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE JUDGMENT AGAINST US STUCCO, LLC AS SUCCESSOR TO UNLIMITED SYSTEMS, LLC

### I. INTRODUCTION

The plaintiffs brought this action on September 14, 2009, alleging that the defendants had failed to pay wages owed to them for their work. The defendants were duly served with the Summons and Complaint, yet failed to appear or respond in any way. On February 4, 2010, the Court issued a default judgment in this matter against each of the defendants: Robert Pszczola and Unlimited Systems, LLC.[1]

The plaintiffs now move to enforce the judgment as to Unlimited Systems, LLC, against US Stucco, LLC, on a theory of successor liability. There is compelling evidence that after the events described in the Complaint, Pszczcola created US Stucco, LLC, to continue the identical business that he had operated as Unlimited Systems, LLC. Although it appears that Pszczola conveyed his interest in the new entity to his wife for the sum of $1.00, US Stucco, LLC, is old wine in a new bottle: Pszczola remains as the president of the new company,

---

[1] Defendant Pszczola filed for personal bankruptcy under Chapter 7 on April 5, 2010. Defendant Unlimited Systems, LLC, did not file for bankruptcy. Pszczola states in his bankruptcy petition that he owns a 50% share in Unlimited Systems, with his wife owning the other 50%; that the company's "Liabilities exceeds Assets [sic]," and that the value of his interest in the company is $0.00. (Plaintiffs' Exhibit 1, Bankruptcy Petition, pps. 1, 10)

which operates at the same address as Unlimited Systems, LLC. The nature and business of old and new companies are identical, portions of the new entity's website are identical to that of the predecessor, and the company presents itself to the public as if it *were* Unlimited Systems, including by taking credit for projects on which Unlimited Systems was the contractor. There is thus ample evidence from which the Court may reasonably conclude that US Stucco, LLC, is liable to the plaintiffs as a successor to Unlimited Systems, LLC.

## II.   FACTS RELEVANT TO THE MOTION

The plaintiffs have alleged in their Complaint that they were employed by the defendants Robert Pszczola and Unlimited Systems, LLC, to perform construction work for them. (Complaint, ¶ 10). According to the Connecticut Secretary of State's CONCORD database, Unlimited Systems had its place of business at 28 Costello Place, Newington, and Pszczola was listed as its sole principal and agent for service. (Plaintiffs' Exhibit 2, CONCORD listing for Unlimited Systems, LLC)

Unlimited Systems' website appears to be inactive. Zoominfo (www.zoominfo.com) is a website that boasts listings for over 45 million businesspeople and over 5 million companies. (Plaintiffs' Exhibit 3, www.zoominfo.com/AboutUs/) Zoominfo's webpage for Robert Pszczola includes, *inter alia*, a link to a cached page from what was the Unlimited Systems website titled "About Unlimited Systems, LLC" on which it described itself as a company that:

> was founded . . . to meet the growing demand for installing synthetic stucco (EIFS) for commercial buildings. Subsequently, the company has expanded its operations to include framing and sheathing, drywall, stucco, plaster, and stone and brick veneers. Our company's rapid growth combined with our relationships and reputation has now allowed us to expand even further into full scale General Contracting.

(Plaintiffs' Exhibit 4)

The plaintiffs have alleged that they performed work for the defendants, were promised compensation, and were not paid, and that the total amount owed was nearly $25,000.

(Complaint, ¶¶ 11-14)  On June 5, 2009, plaintiffs' counsel sent a demand letter to the defendants seeking payment of the amounts owed.  (Plaintiffs' Exhibit 5)  The defendants did not respond in any fashion.  The Complaint in this matter was filed on September 14, 2010. [Docket #1]

The plaintiffs' motion for a default in this matter was granted on January 4, 2010. [Docket #7]  The plaintiffs moved for judgment on the default and the Court granted that motion and issued a default judgment on February 4, 2010.  [Docket #10, #11]  The default judgment awarded the plaintiffs $49,707.94 in unpaid wages and double damages and $6,851.84 in attorneys' fees and costs.  [Docket #10, #11]

However, unbeknownst to the plaintiffs and their counsel, on June 15, 2009, Robert Pszczola registered a new company with the Connecticut Secretary of State's office called US Stucco, LLC.  (Plaintiffs' Exhibit 6, CONCORD listing for US Stucco, LLC)  A month later, on July 20, 2009, Pszczola sold his interest in the new company to his wife, Beata Pszczola, for the sum of one dollar ($1.00).  (Plaintiff's Exhibit 1, p. 60)  US Stucco, LLC, has its place of business at 28 Costello Place, Newington, Connecticut – defendant Unlimited Systems' former offices.[2]  While the new company appears to have a different telephone number, its fax number – (860)760-6169 – is the same as that of defendant Unlimited Systems.  (See, Pl. Ex. 4; Plaintiff's Exhibit 7, "About US Stucco, LLC")

The website for US Stucco, LLC, has a page titled "About US Stucco, LLC" which contains a description that is word for word identical to that of defendant Unlimited Systems, supra:

> was founded to  meet the growing demand for installing synthetic stucco (EIFS) for commercial buildings.  Subsequently, the company has expanded its operations to include framing and sheathing, drywall, stucco, plaster, and stone

---

[2] Indeed, the building at 28 Costello Place, Newington, is owned by a company called DRP Investments, LCC. The principal in that business was formerly Robert Pszczola, but on June 8, 2009, he also sold his interest in that business entity to his wife, Beata Pszczola, for the sum of one dollar ($1.00).  (Pl.Ex 1, at p.60)

and brick veneers. . . . Our company's rapid growth combined with our relationships and reputation has now allowed us to expand even further into full scale General Contracting.

(Pl. Ex. 7)

The US Stucco website also includes a page titled Our Portfolio, which includes lists and photographs of the company's "latest projects." (Plaintiffs' Exhibit 8) One of the projects listed is Bershire Plaza. (Pl. Ex. 8) This is the project on which Mario Medina and the other plaintiffs worked for Unlimited System. (See, Plaintiffs' Exhibit 9, Unlimited Systems check stub) Another listed project, identified as "Hampton Inn, VT," includes the description, "Unlimited Systems, LLC was hired to fix and repair EIFS."[3] (Pl. Ex. 8)

The US Stucco website also includes a "company directory" that identifies Beata Pszczola as the "Owner/Controller" but lists Robert Pszczola as the company president. (Plaintiffs' Exhibit 10)

A website containing listings and reviews of local businesses, called Merchant Circle, includes a listing for US Stucco, along with the company's address and telephone number and a "review" of the company dated May 13, 2009 (a month before the business was registered). The review, however, does not refer to US Stucco but its predecessor:

> I have been dealing with Unlimited and Robert P for the last five years or more, they have completed all of our project with; Speed, quality, and friendly environment. [sic] I will always recommend Robert and Unlimited Systems LLC to anyone."

(Plaintiffs' Exhibit 11)

Thus, it appears that any differences between defendant Unlimited Systems, LLC, and US Stucco, LLC, are merely cosmetic. It is the same type of business, run by

---

3  Note that photographs of both projects contain the caption "Copyright © 2008 US Stucco LLC," even though that entity was created in June 2009.

the same person at the same location, using the same fax number, and taking credit under its new name for work performed under its old name – including work performed by the plaintiffs for which they were never paid and which was the subject of the default judgment that they seek to enforce.

### III. US STUCCO, LLC HAS SUCCESSOR LIABILITY FOR THE JUDGMENT AGAINST UNLIMITED SYSTEMS, LLC, AS EITHER A "MERE CONTINUATION" OR AS A RESULT OF A "DE FACTO MERGER"

A federal court that has entered judgment retains jurisdiction over subsequent proceedings, including proceedings to enforce the judgment. *Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. N.Y. 2000). In the present case, the plaintiffs seek enforcement of the judgment in the form of a writ of execution as against US Stucco, LLC, as a successor in interest to one of the named defendants, Unlimited Systems, LLC.

The Second Circuit has explained that:

> "Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *N.Y. v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). Therefore, successor liability attaches only where: "(1) [the successor] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." Id.

*Douglas v. Stamco*, 2010 U.S. App. LEXIS 2107 (2d Cir. N.Y. Feb. 1, 2010).[4] Where there is no formal consolidation or merger, courts have also referred to a theory of *de factor* merger. Most obviously at issue here are the mere continuation and *de facto* merger theories, which the Second Circuit has described "as so similar as to be considered a single exception." *Id., at *2-3*.

Under the mere continuation theory "'successor liability attaches when the plaintiff demonstrates the existence of a single corporation after the transfer of assets,

---

4 Unpublished decisions are attached hereto as Attachment A.

with an identity of stock, stockholders, and directors between the successor and predecessor corporations.'" *Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2D 276, 289 (E.D.N.Y. 2007), *quoting, Graham v. James*, 144 F.3d 229, 240 (2d Cir.1998).

For the mere continuation theory to apply, the putative successor "must represent merely a 'new hat.'" *Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F.Supp. 834, 839 (D.C.N.Y. 1977) *(internal citations omitted)*:

> A continuation envisions a common identity of directors, stockholders and the existence of only one corporation at the completion of the transfer. . . . What it accomplishes is something in the nature of a corporate reorganization, rather than a mere sale.

*Id. (internal citations omitted)*.

Similarly, a court will find successor liability on the basis of a de facto merger where there exists "(1) continuity of ownership; (2) continuity of management; (3) a dissolution of the selling corporation soon after the transaction; and (4) the assumption of liabilities necessary to the uninterrupted continuation of the business by the purchaser." *Vasquez v. Ranieri Cheese Corp.*, 2010 U.S. Dist. LEXIS 29431, 38-39 (E.D.N.Y. Mar. 25, 2010) (analyzing successor liability in an FLSA case).

Either theory certainly describes the relationship between Unlimited Systems, LLC, and US Stucco, LLC. For all intents and purposes, US Stucco *is* Unlimited Systems. As described above, although technically "owned" by Robert Pzszcola's wife Beata after he sold it to her for the sum of $1.00, US Stucco is operated by its president, Robert Pszczcola, the principal and president of Unlimited Systems. The new business is located at the same address as the old, and even has retained the same fax number. The content of the Unlimited Systems and US Stucco websites, and of US Stucco's "merchants circle" listing show not only that the nature and description of the business is identical, but that US Stucco is claiming credit for work done by its predecessor. Indeed, among the projects for which US Stucco

takes credit is Berkshire Plaza – the project on which the plaintiffs worked, and which is the source of the defendants' liability to them for unpaid wages in this case.

One is tempted to suggest, given the striking evidence of identity of interests between the two businesses and the timing of the creation of US Stucco less than two weeks after the plaintiffs made their demands for payment on the defendants, that US Stucco has successor liability because its very creation was fraudulent and in order to avoid liability.  *See, Douglas v. Stamco, supra.*  However, the Court does not need to go so far as there is compelling evidence that US Stucco is a mere continuation of Unlimited Systems or that it is a product of a de *facto* merger.  It should therefore be responsible for Unlimited Systems' debts and liabilities, including liability to the plaintiffs in this matter.

The plaintiffs respectfully request that the Court find that US Stucco, LLC, has successor liability for the judgment entered against Unlimited Systems, LLC, in this matter, and permit the plaintiffs to pursue execution of the judgment against US Stucco.

RESPECTFULLY SUBMITTED
THE PLAINTIFFS,

BY: ___/ s /___
Peter Goselin ct06074
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2292
(860) 233-9821

## CERTIFICATE OF SERVICE

This is to certify that on May 6, 2010, the foregoing Memorandum In Support Of Plaintiffs' Motion to Enforce Judgment Against US Stucco, LLC as Successor to Unlimited Systems, LLC was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, the plaintiffs certify that on this date they have sent a copy of this memorandum by certified mail, return receipt requested, to the Agent for Service of US Stucco, LLC as follows:

Kent D. Mawhinney
34 Jerome Ave. Suite 108
Bloomfield, CT 06002


                                             / s /
                                    Peter Goselin