UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Mario Alfred Medina, Jos Ventura, Mario Davalos, Juan Galdumez, Fredy Davila, Alessandro Sabino DaSilva, Oscar Carbajal (aka Oscar Duran) Cesar Gonzales and Eduardo Bersosa<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Unlimited Systems, LLC and Robert Pszczola<br><br>　　　　Defendants. | : : : : : : : : : : : : : : : | CIVIL ACTION NO:<br>3:09-CV-1430 (MRK)<br><br><br><br><br><br><br><br><br><br><br><br>July 23, 2010 |

**PLAINTIFFS' REPLY BRIEF ON SUCCESSOR LIABILITY**

**I.     INTRODUCTION**

    The plaintiffs have moved the Court to declare that US Stucco, LLC, is properly a successor of defendant Unlimited Systems, LLC, and therefore liable on the default judgment. The Court issued an order for the defendant to show cause why the plaintiffs' motion should not be granted.  The defendant has responded, offering its contention that US Stucco is not a successor, even though it is in the same line of business, at the same location, and run by the same individual, defendant Robert Pszczola.  Defendant's response ignores the cases cited by the plaintiffs and instead relies largely on careful omissions.  The plaintiffs respond herein and request that the Court find that US Stucco is properly subject to the judgment as a successor to Unlimited Systems.

**II.     DISCUSSION**

    A.     <u>Attorney Doran ignores plaintiffs' case law, misstates his own</u>

    The plaintiffs pointed the Court to several decisions by the Second Circuit and by district courts within the Circuit where successor liability has been found, and where the basis

1

for the theories of "mere continuation" and "*de facto* merger" are discussed.  (Plaintiffs' Memorandum, pp. 5-6)  The relevant case law cited by the plaintiffs includes *Douglas v. Stamco*, 2010 U.S. App. LEXIS 2107 (2d Cir. N.Y. Feb. 1, 2010); *Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2D 276, 289 (E.D.N.Y. 2007); *Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F.Supp. 834, 839 (D.C.N.Y. 1977); and *Vasquez v. Ranieri Cheese Corp.*, 2010 U.S. Dist. LEXIS 29431, 38-39 (E.D.N.Y. Mar. 25, 2010).

In the defendant's response, Attorney Doran neither cites nor distinguishes *any* of these cases.  Plaintiffs' position continues to be that this case law sets out the relevant standards for resolving the matter now before the Court.  Instead of addressing this case law, Attorney Doran has chosen to rely on a single Connecticut Appellate Court decision, *Chamlink Corporation v. Merritt Extruder Corporation*, 96 Conn. App. 183 (2006).[1]  *Chamlink Corporation* is not in any way binding on this Court, but even if it were, Attorney Doran fails to note the clear distinctions between the facts on which it rests and those in the matter at bar.

Most notably, in *Chamlink Corporation*, the "old" entity had nine shareholders and ten board members.  96 Conn.App., *at* 188.  One of those shareholders (17%) and board members was Alexander Guthrie, who purchased certain assets of the "old" company back from the bank after it had surrendered them to pay off a loan.  *Id.*  Guthrie set up a new, smaller company with a single shareholder and board member – himself.  *Id.*  The trial court had little difficulty in concluding that Guthrie's new business, created only after he had bought the "old" company's assets back from the bank and gone into business for himself, was not a successor.  *Id. at* 188-89.

Here, the defendant has averred that US Stucco is not a successor because it changed its telephone number (though its fax number remains the same), changed its location (though

---

1  Indeed, Attorney Doran's brief seems to be written to suggest that plaintiffs have relied on *Chamlink Corporation*, a case not even cited in plaintiffs' brief.  (Def Memo, pp. 1-2)

both companies list their address as 28 Costello Place, Newington, Connecticut, a property owned by DRP Investments, LLC, a company owned by Robert Pszczcola), and did not assume the accounts receivables or liabilities of Unlimited Systems (Robert Pszczola's petition for personal bankruptcy describes the finances of Unlimited Systems succinctly: "Liabilities exceeds Assets").  (Defendant's Exhibit 1)  Attorney Doran insists that this makes it "almost a mirror of *Chamlink*," yet makes no mention of the rather dramatic difference between the two cases.  (Def. Memo., p. 2)  To wit, it is the difference between a minority shareholder leaving a business with nine shareholders to strike out entirely on his own, and a company that is owned by husband and wife (50/50 according to Pszczola's personal bankruptcy filing), which is succeeded by a new entity sold by husband to wife for $1.00, in which wife is the owner and husband is the president and manager.

Because the plaintiffs have met their burden of showing that US Stucco is a mere continuation of Unlimited Systems, or that the two have had a de facto merger, the plaintiffs respectfully request that the Court find US Stucco liable on the judgment in this matter.

B.   "Webmaster ate my homework" defense does not avail defendant

Because this matter is before the Court following a judgment on a default, the plaintiffs have not had the opportunity to conduct formal discovery.  The plaintiffs' motion seeking to name US Stucco as a successor relies greatly on publicly available information.  One source of such information is the nearly identical content of the webpages for Unlimited Systems and US Stucco.

The defendant has responded to this comparison by claiming that it *told* its webmaster to change the website but he failed to do so.  This new incarnation of the "dog ate my homework" defense, even if it were credited, does not rescue the defendant (or US Stucco) from its predicament.

First, it must be noted that if one googles the text <Unlimited Systems LLC> the first return is to the website of US Stucco. And for all of the denials offered by both Pszczola and his webmaster, Mariusz Sasinski, there seems to be agreement that the website *used to be the website* for Unlimited Systems.[2] Moreover, all that Sasinski has stated in his affidavit is that he made certain *changes* in the US Stucco website, and that Pszczola reproved him for making those *changes*. (Sasinski Affidavit, Defendant's Exhibit 2) In that regard, what is striking about the old and the new versions of this website are not the changes – not even the photos crediting US Stucco for work done by Unlimited Systems – but that which has not changed. As shown in plaintiffs' memorandum, the only *change* in the description of the new business is that it describes it as "woman owned" rather than saying that it was founded by Robert Pszczola. From this it may be inferred that the nearly identical descriptions of the two businesses reflect reality: these are two very similar businesses owned and run by the same husband and wife, where the newer business has been called into being largely to allow the owners to escape their liabilities.

Finally, webmaster Sasinski admits that the changes to the website purportedly ordered by Pszczola *in October 2009* have not yet been made. (Def. Ex. 2) His explanation is somewhat thin:

"For certain business reasons, I have not yet accomplished this task correctly."

(Id.) This is certainly not enough to compel the Court to disregard the ample evidence of continuity between the old and new websites (as well as the ample other evidence of successorship in fact).

---

2  A WHOIS search, which shows the names of owners of internet domain names, reveals that webmaster Sasinski is, in fact, the owner of the domain name <usstucco.com>. (WHOIS search, attached hereto as Plaintiffs' Exhibit 1. It also shows that the site was first created in 2004 and modified in August 2009, providing a timeline that is consistent with it being created for Unlimited Systems and then modified to be used for US Stucco. Id.

Therefore, the plaintiffs respectfully request that the Court find that US Stucco, LLC, is a successor on the judgment in this case to Unlimited Systems, LLC.

## III.     **CONCLUSION**

For the reasons set out above and in the plaintiffs' previous memorandum, the plaintiffs respectfully request that the Court find that US Stucco, LLC, is a successor on the judgment in this case to Unlimited Systems, LLC.

RESPECTFULLY SUBMITTED

_____/ s /_____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-471-8133
pdgoselin@gmail.com

## CERTIFICATE OF SERVICE

      This is to certify that on July 23, 2010, the foregoing Plaintiffs' Reply Brief on Successor Liability was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                    _____/ s /_____  
                                                    Peter Goselin